**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CA 08 123 S

**Juan Lopera, Marlon Giraldo, Mauricio Espinal, Hector Cardona, Marlon Giraldo, Steven Giraldo, William Ruiz, Pedro Hernandez, Luis E. Ardila-Lazaro, by and through his parents and next friends, Luis Ardila and Hziel Ardila; Brian Ocampo, by and through his parent and next friend, Alba Jaramillo; Stephen Patino, by and through his parent and next friend, Lilian Giraldo; Joulder Salazar, by and through his parents and next friends Youlder Salazar and Martha Duran; Milton Ricuarte, Jr., by and through his parents and next friends, Milton Ricuarte Sr. and Elizabeth Rivera**
***Plaintiffs***

**C.A. No: 07 -**
**JURY TRIAL DEMANDED**

**vs.**

**TOWN OF COVENTRY, by and through its Treasurer, Warren West; Kevin P. Harris, in his individual capacity and in his capacity a police officer for the Town of Coventry, Kevin Kennedy, in his individual capacity and in his capacity as a police officer for the Town of Coventry, David Nelson, in his individual capacity and in his capacity as a police officer for the Town of Coventry, Stephen A. Michailides, in his individual capacity and in his capacity as a police officer for the Town of Coventry; and Brian O'Rourke, individually and in his capacity as the former Chief of Police for the Town of Coventry, and Ronald E. DaSilva, individually and in his capacity as Chief of Police for the Town of Coventry**
***Defendants***

**<u>COMPLAINT AND JURY TRIAL DEMAND</u>**

**<u>I. Background</u>**

1. This is an action for compensatory damage, punitive damages, reasonable attorney's fees, costs and expenses related to the conduct of defendants on or about September 28, 2006.

2. Such conduct by the Defendants, an unwarranted and unfounded search and interrogation in the face of an angry crowd, was in violation of the constitutional protections afforded the Plaintiffs under the 14th Amendment and in violation 42 U.S.C. §1983.

3. Additionally, the acts and omissions of the Defendants have given rise to pendant claims of invasion of privacy, and violation of the Racial Profiling Prevention Act of 2004, and violation of R.I.G.L. § 9-1-35.

## II. Jurisdiction

4. This court is empowered to hear this case pursuant to 28 U. S. C. § 1331, its federal question jurisdiction. The court is also empowered to hear the civil rights claims enumerated herein pursuant to 28 U. S. C. § 1343. Additionally, the court is empowered to hear the state law claims presented pursuant to 28 U. S. C. § 1367.

## III. Venue

5. Venue rests with this court pursuant to 28 U. S. C. § 1391.

## IV. Parties

6. Plaintiffs, Juan Lopera, Marlon Giraldo, Mauricio Espinal, Hector Cardona, Marlon Giraldo, Steven Giraldo, William Ruiz, Pedro Hernandez, Luis E. Ardila-Lazaro, Brian Ocampo, Stephen Patino, Joulder Salazar and Milton Ricuarte, Jr., are residents of the City of Central Falls and were members of the Central Falls High School soccer team during the 2006-2007 school year.

7. Plaintiffs, Juan Lopera, Marlon Giraldo, Mauricio Espinal, Hector Cardona, Marlon Giraldo, Steven Giraldo, William Ruiz, and Pedro Hernandez, have reached the age of majority. The remaining Plaintiffs, being minors, bring this action by and through their parents and next friends, as follows: Luis E. Ardila-Lazaro, by and through his parents and next friends, Luis

Ardila and Hziel Ardila; Brian Ocampo, by and through his parent and next friend, Alba Jaramillo; Stephen Patino, by and through his parent and next friend, Lilian Giraldo; Joulder Salazar, by and through his parents and next friends Youlder Salazar and Martha Duran; Milton Ricuarte, Jr., by and through his parents and next friends, Milton Ricuarte Sr. and Elizabeth Rivera

8. The Defendant Town of Coventry (hereinafter, "Town") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, Warren West, the official designated by State law, R.I.G.L. § 45-15-5, to be named in a suit for relief against the Town.

9. Defendant Kevin P. Harris is sued individually and in his official capacity as a police officer employed by the Town Police Department.

10. Defendant Kevin Kennedy is sued individually and in his official capacity as a police officer employed by the Town Police Department.

11. Defendant David Nelson is sued individually and in his official capacity as a police officer employed by the Town Police Department.

12. Defendant Stephen A. Michailides is sued individually and in his official capacity as a police officer employed by the Town Police Department

13. Defendant Brian J. O'Rourke is sued individually and in his official capacity as the former Chief of the Town Police Department.

14. Defendant Ronald E. DaSilva is sued individually and in his official capacity as the Chief of the Town Police Department.

## V. Facts

15. More than forty (40) days have elapsed since presentment of the Plaintiffs' claims to the Town Council of the Town in accordance with R.I.G.L. § 45-15-5 without Plaintiffs' having received just and due satisfaction from the defendants.

16. On or about September 28, 2006, the Plaintiffs and other members of the Central Falls High School men's soccer team traveled to Coventry High School for a scheduled game against the Coventry High School men's soccer team.

17. The Plaintiffs are of the Hispanic race.

18. The Town of Coventry is predominately white.

19. Plaintiffs traveled from Central Falls High School to Coventry High School via school bus accompanied by their coach, Robert Marchand.

20. When the Plaintiffs arrived at Coventry High School, they asked their coach if they could use the restroom facilities located inside Coventry High School.

21. The Plaintiffs entered and exited the school without incident and proceeded to the soccer field.

22. During the game the Plaintiffs endured repeated slurs regarding their race, ethnicity, and national origin from both their opponents and the predominately white crowd attending the game.

23. Upon leaving the soccer field following the game, the Central Falls team encountered a group of Coventry High School students who accused them of theft.

24. Members of the crowd cornered Robert Marchand when the Central Falls team boarded its bus regarding the alleged theft. Robert Marchand questioned his players, searched their bags and reported to the crowd that they did not steal anything.

25. On information and belief, the Coventry Police Department was called and informed that there was a disturbance occurring between two groups of students at the high school.

26. The Coventry police, including defendants Harris, Kennedy, Michailides and Nelson raced to the scene with lights blaring and blocked the school bus from departing.

27. The Coventry students made accusations to the police that the Central Falls students had stolen items from their locker room.

28. Defendants Harris, Kennedy, Michailides and Nelson requested to speak with the Central Falls players and the players were told to exit the bus with their belongings.

29. Defendants Harris and Kennedy interrogated and searched Plaintiffs without probable cause, without their consent.

30. Defendants Michailides and Nelson aided their fellow police officers in their search and interrogation of the Plaintiffs.

31. Defendant police officers stated to the Plaintiffs that the search was being done to placate the angry crowd.

32. Plaintiffs were forced to be searched publicly in front of an angry crowd which photographed and taunted the Plaintiffs.

33. The Defendants Town and O'Rourke failed to properly select, train, instruct, supervise and discipline officers in the Town Police Department, including Defendants Harris, Kennedy, Nelson and Michailides, relative to the proper manner in which to conduct searches and seizures.

34. During all relevant time periods, a custom or policy existed in the Town Policy department wherein accused minorities were afforded less Constitutional rights than other accused persons.

35. Defendants Town and O'Rourke were deliberately indifferent to this custom or policy.

36. The Town is liable under the doctrine of respondent superior for the negligent acts and/or omissions of its agents, including defendants Harris, Kennedy, Nelson, and Michailides, police officers employed by the Town Police Department and under the direct supervision of Defendant O'Rourke, whose acts and/or omissions within the scope of his employment were the proximate cause of the injuries suffered by the Plaintiffs.

37. Defendants knew or should have known that by failing and/or refusing to property investigate the allegations of theft and proceeding with the search and interrogation of the plaintiffs they were acting in a discriminatory and unlawful manner.

38. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to Plaintiffs' constitutionally protected rights. Furthermore, at all relevant times, Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiffs' civil rights and cause Plaintiffs great harm.

39. As a proximate result of the Defendants acts and/or omissions, including but not limited to those described herein, Plaintiffs have suffered, and will continue to suffer mental anguish, embarrassment, invasion of privacy, tarnished reputations, deprivation of their civil rights, and other great harm.

## VI. Claims for Relief

40. Plaintiffs incorporate in the counts below the allegations contained in the Paragraphs above.

## Count 1

### Denial of Due Process in Violation of 42 U.S.C. §1983

41. Defendants, acting under the color of state law, by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused the plaintiffs to be searched and interrogated in violation of the due process of the law, causing Plaintiffs to suffer aforesaid damages, and thereby deprived the Plaintiffs of rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuance to 42 U.S.C. §1983.

## Count 2

### Denial of Equal Protection in Violation of 42 U.S.C. §1983

42. Defendants, acting under the color of state law, by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused the plaintiffs, who are predominantly minorities, to be searched and interrogated in violation the equal protection of the law, causing Plaintiffs to suffer aforesaid damages, and thereby depriving the Plaintiffs of rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuance to 42 U.S.C. §1983.

## Count 3

### Unreasonable Search and Seizure in Violation of 42 U.S.C. §1983

43. Defendants, acting under the color of state law, by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused the Plaintiffs to be searched without probable cause and/or a warrant, absent circumstances in which probable cause and/or warrant is not required, in violation of the Plaintiffs' Constitutional rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuance to 42 U.S.C. §1983.

**Count 4**

**Invasion of Privacy in Violation of R.I.G.L. § 9-1-28.1**

44. Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused an invasion to the privacy of the Plaintiffs in violation of R.I.G.L. § 9-1-28.1, causing Plaintiffs to suffer aforesaid damages.

**Count 5**

**Violation of Racial Profiling Prevention Act of 2004, R.I.G.L. § 31-21.2 *et seq.***

45. Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused an violation of the Rhode Island Racial Profiling Prevention Act of 2004, R.I.G.L. § 31-21.2 *et seq.,* which forbids: "detention, interdiction or other disparate treatment of an individual on the basis, in whole or in part, of the racial or ethnic status of such individual, except when such status is used in combination with other identifying factors seeking to apprehend a specific suspect whose racial or ethnic status is part of the description of the suspect, which description is timely and reliable," and caused the Plaintiffs to suffer the aforementioned damages.

46. Defendants' actions were motivated on the basis of the Plaintiff's racial and/or ethnic status, but were not motivated by an attempt to apprehend a specific suspect pursuant to any description.

**Count 6**

**Violation of R.I.G.L. § 9-1-35 (Racial/National Origin Intimidation)**

47. Defendants, by their individual and concerted acts and/or omissions, including but not limited to those described herein, maliciously subjected Plaintiffs to acts that would ". . reasonably be construed as intended to harass or intimidate the person because of his or her

race, . . . or national origin," in violation of R.I.G.L. § 9-1-35, causing Plaintiffs to suffer aforesaid damages.

## V. Prayers for Relief

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1. An award of compensatory damages.
2. An award of punitive damages.
3. An award of reasonable attorney's fees and costs of litigation to Plaintiffs' attorney pursuant to 42 U.S.C. §1988.
4. An award of statutory interest.
5. Such other and future relief as the Court deems just and proper.

## VI. Demand for a Jury Trial

Plaintiffs hereby demand a trial by jury on all counts so triable.

Plaintiffs,
By their attorney,

Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-5353
fax 331-7373
April 2, 2008

Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-5353
fax 331-7373
April 2, 2008