UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Juan Lopera, Marlon Giraldo, Mauricio Espinal, Hector Cardona, Marlon Giraldo, Steven Giraldo, William Ruiz, Predro Hernandez, Luis E. Ardila-Lazaro, by and through his parents and next friends, Luis Ardila and Hziel Ardila; Brian Ocampo, by and through his parent and next friend, Alba Jaramillo; Stephen Patino, by and through his parent and next friend, Lilian Giraldo; Joulder Salazar, by and through his parents and next friends Youlder Salazar and Martha Duran; Milton Ricuarte, Jr., by and through his parents and next friends, Milton Ricuarte Sr. and Elizabeth Rivera,

*Plaintiffs,*

vs.

TOWN OF COVENTRY, by and through its Treasurer, Warren West; Kevin P. Harris, in his individual capacity and in his capacity as police officer for the Town of Coventry, Kevin Kennedy, in his individual capacity and in his capacity as a police officer for the Town of Coventry, David Nelson, in his individual capacity and in his capacity as a police officer for the Town of Coventry, Stephen A. Michailides, in his individual capacity and in his capacity as a police officer for the Town of Coventry; and Brian O'Rourke, individually and in his capacity as the former Chief of Police for the Town of Coventry, and Ronald E. DaSilva, individually and in his capacity as Chief of Police for the Town of Coventry,

*Defendants.*

C.A. No. 08-123S

**ANSWER ON BEHALF OF THE DEFENDANTS**

Now come the defendants, Town of Coventry, by and through its Treasurer, Warren West, Kevin P. Harris, Kevin Kennedy, David Nelson, Stephen A. Michailides, Brian O'Rourke and Ronald E. DaSilva and answer the plaintiffs' complaint as follows:

1. These defendants deny the allegations contained in paragraphs 1, 2 and 3 of that portion of the plaintiffs' complaint entitled "background."

2. These defendants make no response to the allegations contained in paragraph 4 of that portion of the plaintiffs' complaint entitled "jurisdiction" and leave plaintiffs to their proof of same.

3. These defendants make no response to the allegations contained in paragraph 5 of that portion of the plaintiffs' complaint entitled "venue" and leave plaintiffs to their proof of same.

4. These defendants make no response to the allegations contained in paragraphs 6 and 7 of that portion of the plaintiffs' complaint entitled "parties" and leave plaintiffs to their proof of same.

5. These defendants admit the allegations contained in paragraph 8 and further admit that defendants Harris, Kennedy, Nelson, Michailides and DaSilva are members of the Police Department and defendant O'Rourke is a former member of the Police Department. These defendants specifically deny, object to and contest suit being brought against them in their individual capacities as alleged in paragraphs 9, 10, 11, 12, 13 and 14 of that portion of the plaintiffs' complaint entitled "parties."

6. These defendants admit the allegations contained in paragraphs 16, 19, 25 and 27 of that portion of the plaintiffs' complaint entitled "facts."

7. These defendants make no response and leave plaintiffs to their proof of same to the allegations contained in paragraphs 15, 17, 20 and 21 of that portion of the plaintiffs' complaint entitled "facts."

8. These defendants deny the allegations contained in paragraphs 18, 22, 23, 24, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39 of that portion of the plaintiffs' complaint entitled "facts."

9. These defendants deny the incorporated allegations in paragraph 40 of that portion of the plaintiffs' complaint entitled "claims for relief."

10. These defendants deny the allegations contained in paragraph 41 of Count I of the plaintiffs' complaint.

11. These defendants deny the allegations contained in paragraph 42 of Count II of the plaintiffs' complaint.

12. These defendants deny the allegations contained in paragraph 43 of Count III of the plaintiffs' complaint.

13. These defendants deny the allegations contained in paragraph 44 of Count IV of the plaintiffs' complaint.

14. These defendants deny the allegations contained in paragraphs 45 and 46 of Count V of the plaintiffs' complaint.

15. These defendants deny the allegations contained in paragraph 47 of Count VI of the plaintiffs' complaint.

**AFFIRMATIVE DEFENSE**

**FIRST AFFIRMATIVE DEFENSE**

These defendants plead absolute and qualified immunity as a bar to the within complaint.

**SECOND AFFIRMATIVE DEFENSE**

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

**THIRD AFFIRMATIVE DEFENSE**

These defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

**FOURTH AFFIRMATIVE DEFENSE**

These defendants plead the public duty doctrine as a bar to the within complaint.

**FIFTH AFFIRMATIVE DEFENSE**

These defendants plead consent as a bar to the within complaint.

**SIXTH AFFIRMATIVE DEFENSE**

These defendants specifically contest and object to suit being brought against them in their individual capacities.

**These defendants hereby demand a jury trial.**

Defendants,
By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on April 24, 2008, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

srobinson@smrobinsonlaw.com
vbejma@smrobinsonlaw.com

*/s/ Marc DeSisto*

Marc DeSisto