**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**Juan Lopera, et al.**
**his parent and next friend, Lilian Giraldo; : C.A. No: 08-123S**
**:**
**vs. :**
**:**
**TOWN OF COVENTRY, et al. :**

**PRETRIAL CONFERENCE STATEMENT**

Pursuant to the Order of this Court, Plaintiffs hereby submit their Pretrial Conference Statement, setting out the elements of their claims against the Defendants.

## I. FACTS AND TRAVEL

The above-referenced Plaintiffs were members of the Central Falls Boys' Soccer Team and/or parents of said members on or about September 28, 2006. On that date, the team had travelled to the Coventry High School to compete. The Plaintiffs are of the Hispanic race, while the Town of Coventry is predominately white. During the game itself, Plaintiffs were subjected to racial slurs. After the game, a group of Coventry High students accused the Central Falls team members of having stolen electronics belonging to Coventry students from the locker room. The locker room was accessible to any number of individuals, including Coventry students themselves. An angry crowd of individuals from Coventry surrounded the team bus as the team members were boarding, continuing their accusations. In response, the Central Falls team coach questioned his players, searched their bags and reported to the crowd that his team members had not stolen anything.

Meanwhile, the Coventry Police Department had been called and informed that there was a disturbance occurring between two groups of students at the high school. The Defendant police officers raced to the scene with lights blaring and blocked the school bus from departing.

Defendant officers Harris and Kennedy interrogated and searched Plaintiffs without probable cause and without their consent, with the assistance of Defendants Michailides and Nelson. Defendant police officers stated to the Plaintiffs that the search was being done to placate the angry crowd. The Central Falls team members were forced to be searched publicly in front of an angry crowd which photographed and further taunted the Plaintiffs. Ultimately, a Coventry student was proven to be the thief.

## II. ELEMENTS OF CLAIMS

### A. Denial of Due Process in Violation of 42 U.S.C. §1983

Plaintiffs have brought several counts under 42 U.S.C. § 1983 to vindicate their constitutional rights to due process, equal protection, and freedom from unreasonable search and seizure. To establish their claim against the individual Defendants, Plaintiffs must show that: 1) Defendants acted under color of state law; 2) that Plaintiff was deprived of federally protected rights, privileges, or immunities, and 3) Defendants' conduct was causally connected to Plaintiffs' deprivation. *See Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 160 F.Supp.2d 188, 199 (D.P.R. 2001). Furthermore, to establish their claim against the municipality, Plaintiffs must also show that the individual Defendants acted pursuant to a policy or custom of the municipality. *See Young v. City of Providence*, 404 F.3d 4, 25 (1st Cir. 2005).

### B. Invasion of Privacy in Violation of R.I.G.L. § 9-1-28.1

Plaintiffs also bring state law claims under the state's invasion of privacy statute, R.I.G.L. § 9-1-28.1. In order to establish a claim, they must demonstrate: 1) they suffered an invasion of something that is entitled to be private or would be expected to be private; and 2) that the invasion was or is offensive or objectionable to a reasonable man.

### C. Violation of Racial Profiling Prevention Act of 2004, R.I.G.L. § 31-21.2 *et seq.*

Plaintiffs have also brought a claim under R.I.G.L. § 31-21.2 *et seq.*, alleging that they were targeted for search due to their race. To establish this claim, they must show that they suffered: "detention, interdiction or other disparate treatment of an individual on the basis, in whole or in part, of the racial or ethnic status of such individual, except when such status is used in combination with other identifying factors seeking to apprehend a specific suspect whose racial or ethnic status is part of the description of the suspect, which description is timely and reliable."

**D. Violation of R.I.G.L. § 9-1-35 (Racial/National Origin Intimidation)**

Plaintiffs also bring a claim under R.I.G.L. § 9-1-35. To sustain this claim, Plaintiffs must establish that Defendants subjected Plaintiffs to acts that would ". . reasonably be construed as intended to harass or intimidate the person because of his or her race, . . . or national origin."

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-5353
fax 331-7373
June 4, 2008

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-5353
fax 331-7373
June 4, 2008

**CERTIFICATION**

I, the undersigned, hereby certify that on June 4, 2008 I sent a true copy of the within by electronic filing to all of the parties below: Marc DeSisto, Esq., 211 Angell Street, P.O. Box 2563, Providence, RI 02906.

/s/ Vicki J. Bejma